UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENTON CLEMENT, SR. | CIVIL ACTION |
| VERSUS | NO: 21-1394 |
| ELI LILLY AND CO., ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 5)** filed by the defendants, Eli Lilly and Co. and Lilly USA, LLC (collectively and singularly "Lilly"). The plaintiff, Brenton Clement, Sr., opposes the motion. The motion, noticed for submission on October 13, 2021, is before the Court on the briefs without oral argument.

This case arises out of Mr. Brenton Clement, Sr.'s use of the Basaglar KwikPen, an injectable insulin product manufactured by Lilly. Clement is a Type I diabetic. He obtained the KwikPen from a local pharmacy and he alleges that he used the product as instructed by his healthcare providers and the pharmacy. According to Plaintiff, the device was not dispensing insulin although it appeared to be doing so. Plaintiff alleges that because the device was not dispensing insulin his blood sugar levels were not properly controlled resulting in a severe case of hyperglycemic shock which necessitated hospitalization and caused ongoing neurologic injury. Plaintiff filed this suit asserting a claim for defective manufacture as well as a design defect claim, and a warning defect claim under the Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2800.51, *et seq.* Lilly removed the case to this Court.

1

Lilly now moves to dismiss the lawsuit pursuant to Rule 12(b)(6) arguing that Plaintiff's claims are preempted by federal law, and failing that Plaintiff does not allege facts sufficient to state a claim under state law.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court accepts as true the plaintiff's allegations insofar as he claims that he used the KwikPen device as instructed, that the device did not dispense insulin even though it appeared to be doing so, and that Plaintiff's subsequent hospitalization and injuries resulted from the device's failure to dispense insulin. At this stage the Court assumes that the device's failure to dispense the proper amount of insulin resulted from either a manufacturing defect in the specific device that the plaintiff had been using, or a design defect (not specific to the device that the plaintiff had been using) in the KwikPen, or from deficits in the device's labeling, or a combination of these issues. The question then is whether, as Lilly argues, this case should be rejected on the pleadings alone.[1]

First, the Court is not persuaded that Plaintiff fails to state a claim under state law for the reasons argued. It suffices at the pleading stage that the alternative design that Plaintiff would propose involves one that does not suggest to the patient that insulin is being dispensed when it is not. As to the specifics of an alternative design, that would be fodder for expert testimony at a latter stage of the case.

Second, the Court is not persuaded that a determination as to implied "impossibility" preemption can be determined on the pleadings and text of the LPLA alone. Neither *Mutual Pharmaceutical Co. v. Bartlett*, 570 U.S. 472 (2013), nor *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), suggest that a pharmaceutical manufacturer is entitled to the kind of absolute immunity that would be required to reject this case on the

---

[1] Lilly's arguments related to whatever fault, if any, the plaintiff might have had in causing his injuries to be exacerbated by the insulin deficit are not cognizable in conjunction with a Rule 12(b)(6) motion to dismiss.

pleadings.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 5)** filed by the defendants, Eli Lilly and Co. and Lilly USA, LLC is **DENIED.**

November 29, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE